**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Janice Gregory, Grady L. Martin, Jr., Kevin Martin, Teresa B. Martin, and William D. Martin, Appellants,

v.

The Estate of Janice Broughton and Jill Gainey, as Personal Representative of the Estate of Janice L. Broughton, Respondents.

Appellate Case No. 2014-000936

———————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-302
Submitted June 1, 2015 – Filed June 24, 2015

———————

**AFFIRMED**

———————

Tommy Lee Stanford, of Stanford & Associates, PC, of Greenwood; and La'Keabian Henderson, of The Shaw Legal Group, LLC, of Greenville, for Appellants.

William C. Tindal and Francis L. Bell, Jr., both of Francis Bell Law Firm, LLC, of Lancaster, for Respondents.

———————

**PER CURIAM:** Janice Gregory, Grady L. Martin, Jr., Kevin Martin, Teresa B. Martin, and William D. Martin (collectively, Appellants) appeal the circuit court's order granting summary judgment to the Estate of Janice Broughton (the Estate) and Jill Gainey, as personal representative of the Estate. On appeal, Appellants argue the circuit court erred in granting summary judgment on the following issues: (1) whether Gainey exerted undue influence on Broughton and (2) whether Broughton was competent on the day she signed her will. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *id.* ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (internal quotation marks omitted)); *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 218, 578 S.E.2d 329, 334 (2003) ("Since the standard of proof in an undue influence case is unmistakable and convincing evidence, there must be more than a scintilla of evidence in order to defeat a motion for summary judgment."); *Wilson v. Dallas*, 403 S.C. 411, 437, 743 S.E.2d 746, 760 (2013) ("[I]n order to void a will on the ground of undue influence, the undue influence must destroy free agency and prevent the maker's exercise of judgment and free choice." (internal quotation marks omitted)); *id.* ("The influence necessary to void a will must amount to force and coercion."); *id.* ("A mere showing of opportunity or motive does not create an issue of fact regarding undue influence." (internal quotation marks omitted)); *id.* ("[T]he circumstances must point unmistakenly and convincingly to the fact that the mind of the testator was subject to that of some other person so the will is that of the latter and not of the former." (alteration by court) (internal quotation marks omitted)); *id.* ("[E]ven if a contestant does establish an inference of undue influence, the unhampered opportunity of the testator to change the will after the operation of undue influence destroys this conclusion.").

As to Issue 2: *Turner*, 392 S.C. at 122, 708 S.E.2d at 769 ("In order to withstand a motion for summary judgment in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence."); *Hairston v. McMillan*, 387 S.C. 439, 445, 692 S.E.2d 549, 552 (Ct.

App. 2010) ("[T]he party alleging incompetence bears the burden of proving incapacity *at the time of the transaction* by a preponderance of the evidence." (alteration by court) (emphasis added) (internal quotation marks omitted)); *id.* ("The test of whether a testator had the capacity to make a will is whether he knew (1) his estate, (2) the objects of his affections, and (3) to whom he wished to give his property."); *id.* ("[E]ven an insane person may execute a will if it is done during a sane interval . . . ." (alterations by court) (internal quotation marks omitted)).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.